UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN BOGAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-01214-SEP |
| | ) |
| NATIONSTAR MORTGAGE LLC | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Nationstar Mortgage LLC's Motion for Summary Judgment. Plaintiff has not opposed the Motion, the period for which has long since closed. For the reasons set forth below, the Motion is granted.

### FACTS AND BACKGROUND

In 2007, Plaintiff Carolyn Bogan entered into a loan agreement with Franklin American Mortgage Company that was secured by a deed of trust on the property at 113 Turkey Hills Drive, Troy, Missouri 63379. Doc. 32 ¶ 1. Defendant Nationstar began servicing the loan in July 2012. *Id.* ¶ 2. In July 2013, Plaintiff and Defendant agreed to a Home Affordable Loan Modification Agreement, which created the current loan (the Loan). *Id.* ¶ 3. Pursuant to the Loan, for years 1-5 of repayment, Plaintiff was required to pay $1,778.06 toward the principal and interest on the loan, and $454.14 toward an escrow account that was subject to periodic adjustments. *Id.* ¶ 5. Plaintiff's total monthly payment at that time was thus $2,232.20. *Id.*

Plaintiff's first Loan payment was due on August 1, 2013. *Id.* ¶ 4. On November 12, 2015, Nationstar sent Plaintiff a letter of default, stating that the Loan was past due for all payments due on and after March 1, 2015. *Id.* ¶ 7; Doc. 32-4. The Loan was past due because Plaintiff had been paying only approximately $1,779.00—the amount due toward the Loan principal and interest. Doc. 32 ¶ 6. Plaintiff had not been paying the approximate $454 toward

1

the Loan escrow account. *Id.* ¶ 5-6. On November 17, 2015, having received the letter of default, Plaintiff called Defendant to dispute her payments. *Id.* ¶ 8. Plaintiff was informed that her total monthly payment was, by that time, $2,145.03 per month. *Id.* ¶ 8. No payment was made to cure the default. *Id.* ¶ 9.

On November 17, 2016, with the Loan still in default, the property was sold through a foreclosure sale. *Id.* ¶ 10. More than three years later, Plaintiff filed suit in the Circuit Court of Lincoln County, Missouri, seeking damages on a single count of wrongful foreclosure. Doc. 4. Defendant removed the case to this Court on September 9, 2020. Doc. 1. Defendant answered the Complaint on September 14, 2020, and the parties participated in mediation on July 7, 2021. Doc. 24. Following mediation, on July 28th, Plaintiff's counsel moved to withdraw, due to Plaintiff's and counsel's irreconcilable views on how to proceed with the case. Doc. 25. On August 10th, Plaintiff requested that the Court grant counsel's motion to withdraw, and further requested "a reasonable amount of time to procure other counsel." Doc. 28 ¶ 4. To date, Plaintiff has made no filing or other appearance before the Court.

Defendant filed its Motion for Summary Judgment on November 1, 2021, Doc. 30, and served Plaintiff with a copy of the Motion, Memorandum in Support, and Statement of Uncontroverted Material Facts, the same day. Doc. 33. Plaintiff has not responded to the Motion in any manner.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds, based on the factual record, that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1079 (8th Cir. 2008)). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010) (quotation marks omitted) (quoting *Godfrey v. Pulitzer Pub. Co.*, 276 F.3d 405, 412 (8th Cir. 2002)).

## DISCUSSION

"A plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Dobson v. Mortgage Electronic Registration Sys., Inc./GMAC Mortgage Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). "If there is a right to foreclose, there can be no tort cause of action for wrongful disclosure." *Id.* A right to foreclose exists if there was a default on the terms of the loan agreement, and if the terms authorized foreclosure in the event of default. *See Peterson v. Kansas City Life Ins. Co.*, 98 S.W.2d 770, 773 (Mo. 1936). The burden is on the plaintiff to prove that she was in "compliance with the terms of the deed of trust as would avoid lawful foreclosure." *Dobson*, 259 S.W.3d at 22 (quoting *Spires v. Lawless*, 493 S.W.2d 65, 70 (Mo. Ct. App. 1973)). If the plaintiff sustains that burden, then the foreclosure was void or voidable. *Id.*

3

The uncontroverted evidence before the Court establishes that Plaintiff's loan was in default as of March 1, 2015, Doc. 32 ¶ 7, because Plaintiff refused to pay the escrow portion of her loan, *id.* ¶ 5, 8, 9.  Having been informed of her default, Plaintiff made no effort to cure it.  *Id.* ¶ 9, 10.  And on the day the property was foreclosed on and sold, Plaintiff was still in default.  *Id.* ¶ 10; Doc. 32-6.  Plaintiff has therefore failed to prove that she was in compliance with the terms of the Loan agreement such that the foreclosure must be voided.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nationstar Mortgage LLC's Motion for Summary Judgment, Doc. [30], is **GRANTED**.

A separate Order of Judgment shall be issued herewith.

Dated this 7th day of April, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE