UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN BOGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-cv-01214-SEP |
| NATIONSTAR MORTGAGE LLC, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Nationstar Mortgage LLC's Motion for Summary Judgment. Doc. [49]. For the reasons set forth below, the motion is granted.

**FACTS AND BACKGROUND**[1]

In 2007, Plaintiff Carolyn Bogan entered into a loan agreement with Franklin American Mortgage Company that was secured by a Deed of Trust on the property at 113 Turkey Hills Drive, Troy, Missouri 63379. Doc. [50] ¶ 1; Doc. [50-1] at 8. The Deed of Trust contains the following clause regarding oral agreements:

> Oral agreements or commitments to loan money, extend credit or to forebear from enforcing repayment of debt including promises to extend or renew such debt are not enforceable. To protect you (Borrower(s)) and us (Creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

Doc. [50-1] at 19 ¶ 27. In addition, the Deed of Trust includes the following provision related to "Funds for Escrow Items":

> Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing.

*Id.* at 11 ¶ 3.

Defendant Nationstar began servicing the loan in July 2012. Doc. [50] ¶ 2. In July 2013, Plaintiff and Defendant entered into a Home Affordable Loan Modification Agreement, which

---

[1] The facts are drawn from Defendant's Amended Statement of Uncontroverted Material Facts, Doc. [50], and Plaintiff's Response to Statement of Uncontroverted Facts, Doc. [52-1].

created the current loan.² *Id.* ¶ 3; Doc. [50-1] at 53-65. Under that agreement, for years 1-5 of repayment, Plaintiff was required to pay $1,778.06 per month toward the principal and interest on the loan and $454.14 per month toward an escrow account that was subject to periodic adjustments. Plaintiff's total monthly payment at that time was thus $2,232.20. *Id.*

Plaintiff's first loan payment was due on August 1, 2013. *Id.* ¶ 4. On November 12, 2015, Defendant sent Plaintiff a letter of default, stating that the loan was past due for all payments due on and after March 1, 2015.³ *Id.* ¶ 7; Doc. [50-1] at 67. The loan was past due because Plaintiff had been paying only approximately $1,779.00—the amount due toward the loan principal and interest. Doc. [32] ¶ 6. Plaintiff had not been paying Defendant the approximate $454 toward the loan escrow account. *Id.* ¶¶ 5-6. On November 17, 2015, having received the letter of default, Plaintiff called Defendant to dispute her payments. *Id.* ¶ 8. Plaintiff was informed that her total monthly payment was, by that time, $2,145.03 per month. *Id.* No payment was made to cure the default.⁴ *Id.* ¶ 9.

---

² Plaintiff denies that she executed the Loan Modification Agreement attached to Defendant's Statement of Uncontroverted Material Facts, Doc. [50-1] at 53-65. *See* Doc. [52-1] ¶ 2; Doc. [52-2] ¶ 8. Instead, Plaintiff declares that she entered into a separate oral loan modification that only required her to pay $1,778.06 per month. Doc. [52-2] ¶¶ 5-6; *see also* Doc. [52-1] ¶ 2. The Loan Modification Agreement contains Plaintiff's notarized signature and the notary seal of a commissioned Notary Public. Doc. [50-1] at 62. Plaintiff does not contest the validity of the signature or enforceability of the Agreement, nor does she offer anything besides her sworn testimony to support that she did not sign the document. *See Chavero-Linares v. Smith*, 782 F.3d 1038, 1041 (8th Cir. 2015) ("A properly supported motion for summary judgment is not defeated by self-serving affidavits. Rather, the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." (quoting *Frevert v. Ford Motor Co.*, 614 F.3d 466, 473-74 (8th Cir. 2010))); *see also Saddler v. Carvana, LLC*, 2020 WL 4596923, at *3 (E.D. Mo. Aug. 11, 2020) (rejecting plaintiff's subsequent self-serving affidavit that he "did not sign the agreement to arbitrate" as "contrary to the documentation submitted"). The Court therefore finds no genuine dispute that Plaintiff signed the Loan Modification Agreement.

³ In Plaintiff's Response to Defendant's Motion for Summary Judgment, she claims that "she did not receive any notification that she should have been paying more [than $1,778.06 per month] until November 2017." Doc. [52] at 2. But Plaintiff admits that "[o]n November 12, 2015, [Defendant] sent Plaintiff a notice of default letter stating that the loan was in default, being due for the March 1, 2015 payment." Doc. [50] ¶ 7; Doc. [52-1] ¶ 1. She also admits that she called on November 17, 2015, to discuss the amount of her mortgage payment. Doc. [50] ¶ 8; Doc. [52-1] ¶ 3. Together with the documentation of those communications produced by Defendant, Doc. [50-1] at 67, 69, which Plaintiff does not contest, those admissions provide undisputed evidence that Plaintiff received notice in November 2015 that she was in default.

⁴ Plaintiff states that, "[w]ith respect to Paragraph 9, . . . she continued to make payments in the amount she understood herself to be obligated to pay[.]" Doc. [52-1] ¶ 4. Because Plaintiff's response only recharacterizes Defendant's fact without providing either an admission or denial, it violates this Court's local rules, and thus Defendant's fact is deemed admitted. *See* E.D. Mo. L.R. 4.01(E) ("All matters set forth in the

2

On November 17, 2016, with the loan still in default, the property was sold through a foreclosure sale. *Id.* ¶ 10. More than three years later, Plaintiff filed suit in the Circuit Court of Lincoln County, Missouri, seeking damages on a single count of wrongful foreclosure. Doc. [4]. Defendant removed the case to this Court on September 9, 2020. Doc. [1]. On March 10, 2023, Defendant filed its renewed Motion for Summary Judgment, Doc. [49], which is now fully briefed and ripe for disposition. Docs. [52], [53].

## LEGAL STANDARD

A court must grant a motion for summary judgment if it finds, based on the factual record, that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008)). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010) (quotation marks omitted) (quoting *Godfrey v. Pulitzer Pub. Co.*, 276 F.3d 405, 412 (8th Cir. 2002)).

## DISCUSSION

Defendant claims to be "entitled to summary judgment on Plaintiff's wrongful foreclosure claim" because she failed to pay the amount required pursuant to the Loan Modification Agreement, and thus "the loan was in default at the time of the foreclosure sale." Doc. [31] at 5. Plaintiff

---

moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless *specifically* controverted by the opposing party.").

3

responds that she "denies having signed that document, and . . . that the breach of its terms could form the basis for a default." Doc. [52] at 2.

Other than her affidavit stating that she did not sign the Loan Modification Agreement, Doc. [52-2]—which this Court has already found to be self-serving and conclusory, *see supra* note 2—Plaintiff offers no evidence to establish that the loan was not in default. *See Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 571 (Mo. Ct. App. 2009) ("[A] plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose."). Instead, the uncontroverted evidence establishes that Plaintiff was in default by virtue of her failure to make monthly payments of $2,145.03, that she was aware of her default no later than November 2015, and that she made no attempt to cure the default by the time Defendant foreclosed on the property on November 17, 2016.

Plaintiff argues that she was not bound by the Loan Modification Agreement because she later "was granted an oral modification to pay the monthly principal and interest, but not the escrow amount[.]" Doc. [52-1] at 1. Because she obtained that oral modification, Plaintiff argues, she did not receive proper notice that she was in default and was "clearly lulled into making purportedly deficient payments." Doc. [52] at 5. But that argument runs afoul of the text of the Deed of Trust—which Plaintiff *does* admit to signing, *see* Doc. [51] ¶ 1—that expressly bars as unenforceable any "[o]ral agreements or commitments to loan money . . . or to forebear from enforcing repayment of debt including promises to extend or renew such debt." Doc. [50-1] at 19. Any oral modification agreement would be unenforceable by the express terms of the Deed of Trust. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 897 (8th Cir. 2014) (rejecting "lulling theory because the deed of trust provides that subsequent agreements to forebear from enforcing repayment of the debt must be in writing in order to be enforceable").

Plaintiff claims that *Wivell* is distinguishable because the mortgagors in that case "made zero payments over 14 months" based on an alleged representation that the payments were not required. Doc. [52] at 2-3. But the Eighth Circuit in *Wivell* did not cabin its reasoning to those facts:

> We therefore decline to extend Missouri's lulling theory to a case such as this one—in which borrowers seek to assert that they were lulled into a sense of security by oral communications despite a clearly drafted deed-of-trust provision expressly providing that "[o]ral agreements or commitments . . . to forebear from enforcing repayment of debt . . . are not enforceable."

*Wivell*, 773 F.3d at 897.

Plaintiff relies on *Edwards v. Smith*, 322 S.W.2d 770, 775-76 (Mo. 1959), which held that mortgagees who accepted payments on a defaulted loan "waived the right to insist that the installments be paid on the date and in the amount as provided in the note until such time as the period of waiver was terminated" by giving the mortgagors sufficient notice. But Plaintiff expressly agreed to the terms of her loan in the Loan Modification Agreement, and she expressly agreed to the Deed of Trust's no-oral-modifications clause—both of which distinguish this case from *Edwards*. *See* Doc. [50-1] at 62; *see also id.* at 19 ¶ 27.

Plaintiff further argues that she was not in default because "she paid the expenses that would have been paid from escrow herself[.]" Doc. [52] at 2. Both the Deed of Trust and the Loan Modification Agreement required Plaintiff to pay Defendant escrow funds directly. Doc. [50-1] at 11 ¶ 3; *see also id.* at 57. Plaintiff does not claim that she entered into a written waiver with Defendant. Thus, Plaintiff was in default of her loan when she failed to pay the required $454 in escrow funds *to Defendant*, irrespective of any other payments she may have made.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nationstar Mortgage LLC's Motion for Summary Judgment, Doc. [30], is **GRANTED**.

A separate judgment shall accompany this Memorandum and Order.

Dated this 4th day of August, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5